UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VINODH RAGHUBIR,

    Petitioner,

v.                                          Case No: 6:19-cv-2061-Orl-28EJK

WARDEN, TAYLOR CORRECTIONAL
INSTITUTION,

    Respondent.
_____/

**ORDER**

This cause is before the Court on Petitioner's "Motion to Vacate Pursuant to Fed. R. Civ. P. Rule 60" (Doc. 18) and "Petition for Rehearing En Banc" (Doc. 19).[1]

This is Petitioner's third Motion to Vacate, which the Court again construes as a motion for reconsideration under Rule 60, Fed. R. Civ. P. Upon review, the allegations in the motion are as unintelligible as in the first two motions. The third Motion to Vacate will, accordingly, be denied. As this is the third motion for reconsideration that the Court has considered and denied, Petitioner is warned that further motions filed pursuant to Rule 60, Fed. R. Civ. P., will be stricken. Moreover, the Petition for Rehearing En Banc

---

[1] Although Petitioner also filed a notice of appeal (Doc. 20), the Court retains jurisdiction to consider and deny the instant post-judgment motions. *See Mahone v. Ray*, 326 F.3d 1176, 1179–80 (11th Cir. 2003) (explaining that, although "the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal," the filing of a notice of appeal "does not prevent the district court from taking action 'in furtherance of the appeal,'" such as a motion filed pursuant to Rule 60, Fed. R. Civ. P.).

(Doc. 19) is largely undecipherable, and there is no procedural basis for a rehearing en banc by a United States District Court.

Accordingly, it is **ORDERED** that Petitioner's Motion to Vacate Pursuant to Fed. R. Civ. P. Rule 60 (Doc. 18) and Petition for Rehearing En Banc (Doc. 19) are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 8, 2020.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party
OrlP-4 5/7