UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VINODH RAGHUBIR,

                Petitioner,

v.

                                     Case No: 6:19-cv-2061-Orl-28EJK

WARDEN, TAYLOR CORRECTIONAL
INSTITUTION,

                Respondent.

_____/

## ORDER

THIS CAUSE is before the Court on remand from the Eleventh Circuit (Doc. 28) to decide whether a certificate of appealability ("COA") should issue on Petitioner's Section 2254 petition or Rule 60(b) motions.

On November 1, 2019, the Court ordered Petitioner to amend his petition on the proper form and to pay the filing fee or move to proceed *in forma pauperis*. (Doc. 3). Petitioner did not comply. Instead, he appealed the order (Doc. 5) and the appeal was dismissed for lack of jurisdiction. (Doc. 12). The Court subsequently dismissed the petition without prejudice due to Petitioner's failure to comply with the Court's November 1, 2019 order noting, in addition, that the allegations in the petition were "virtually unintelligible and the Court [was] unable to discern the basis on which Petitioner seeks relief in this Court." (Doc. 13).

Following the Court's dismissal without prejudice, Petitioner filed three motions

pursuant to Rule 60(b), Fed. R. Civ. P. (*See* Docs. 14, 16, 18).  The Court found the allegations in each of the motions unintelligible and discerned no basis warranting reconsideration of the order of dismissal without prejudice. (Docs. 15, 17, 23).  Petitioner is permitted to refile his claims on a standard form in a new case with a new case number. (Doc. 13).

This Court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, a prisoner need not show that the appeal will succeed.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Given Petitioner's (1) unintelligible filings, (2) failure to comply with the Court's order to amend his petition on the standard form in compliance with Rule 2(d) of *The Rules Governing Section 2254 Cases in the United States Courts*, (3) failure to pay the filing fee or move to proceed *in forma pauperis* in compliance with Local Rule 1.03(e), M.D. Fla., and (4) ability to refile his claims on a standard form in a new case, Petitioner has not demonstrated that reasonable jurists would find the district court's rulings dismissing the case without prejudice and denying Petitioner's Rule 60(b) motions debatable or wrong. Further, Petitioner has failed to make a substantial showing of the

2

denial of a constitutional right.   Thus, the Court denies Petitioner a certificate of appealability.

**DONE** and **ORDERED** in Orlando, Florida on August ___14___, 2020.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-4

3