UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VINODH RAGHUBIR,

    Petitioner,

v.                                    Case No: 6:19-cv-2061-Orl-28EJK

WARDEN, TAYLOR CORRECTIONAL
INSTITUTION,

    Respondent.
_____/

**ORDER**

THIS CAUSE is before the Court on Petitioner's "Objection/Notice & Motion to Vacate &/or Expedite Pursuant to Fed. R. Civ. P. 60 & the Court's Inherent Powers & Petition for Writ of Habeas Corpus Pursuant to the Habeas Corpus Act of 1867 As to All Orders Including Doc. 3[1][1]" (Doc. 33).

On October 25, 2019, Petitioner filed a handwritten petition in this case. (Doc. 1). On November 1, 2019, the Court Ordered Petitioner to file an amended Petition on the proper form and to pay the filing fee or submit an affidavit of indigency or other application to proceed *in forma pauperis*. (Doc. 3). Rather than complying, Petitioner filed an interlocutory appeal (Doc. 5), and the appeal was dismissed for lack of jurisdiction.

---

[1] Petitioner titles the motion to include the Order at "Doc. 30;" however, document 30 is Petitioner's previous Rule 60, Fed. R. Civ. P., motion and the Court's latest order in this case is found at Doc. 31.

(Doc. 12). The Court dismissed the case without prejudice on January 24, 2020, instructing that,

> Should Petitioner choose to file a new case, he must submit a fully completed petition for writ of habeas corpus in the form approved by the Judicial Conference of the United States. If he desires to proceed *in forma pauperis*, he must submit a fully completed affidavit of indigency. The Clerk of Court shall send to Petitioner the forms for a petition for writ of habeas corpus (section 2241 and section 2254) and the form for leave to proceed *in forma pauperis*. Petitioner should *not* place this case number on the form, as the Court will assign a new case number.

(Doc. 13 at 2 n.1).

Since the order of dismissal in January 2020, Petitioner has filed four motions pursuant to Rule 60, Fed. R. Civ. P. (Docs. 14, 16, 18, 30), each of which the Court denied (Docs. 15, 17, 23, 31). After the third Rule 60 motion, Petitioner filed a notice of appeal as to the Court's order of dismissal (Doc. 20); the appeal remains pending. The present motion is the fifth motion that Petitioner has filed pursuant to Rule 60, Fed. R. Civ. P.

Rule 60 provides that the Court may grant relief from an order for certain limited reasons. Petitioner has not presented any reason warranting the Court's reconsideration of the Court's prior Orders in this case.

Accordingly, it is **ORDERED** that:

1. Petitioner's fifth Rule 60, Fed. R. Civ. P., motion (Doc. 33) is **DENIED**.

2. Moreover, Petitioner has not demonstrated that reasonable jurists would find the district court's rulings dismissing the case without prejudice and denying Petitioner's Rule 60(b) motions debatable or wrong. Further, Petitioner has

2

failed to make a substantial showing of the denial of a constitutional right.

Therefore, the Court **DENIES** Petitioner a certificate of appealability.

**DONE** and **ORDERED** in Orlando, Florida on November 19, 2020.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-4 11/9